IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EXSON EMMANUEL MEDINA-GARCIA, Petitioner, | : | 3:26-cv-3273 (JUDGE MARIANI) |
| v. | : | |
| CRAIG LOWE, WARDEN PIKE COUNTY CORRECTIONAL FACILITY, *et al.*, Respondents. | : | |

**MEMORANDUM OPINION**

Before the Court is a counseled verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner Exson Emmanuel Medina-Garcia ("Petitioner"). In the petition, Petitioner challenges the constitutionality of his civil immigration detention under the Fifth Amendment's Due Process Clause. (Doc. 1, ¶¶ 56-72). Specifically, he alleges that Respondents deprived him of the procedural protections required by the Due Process Clause when they "re-detained [him] with no notice and no opportunity to contest his re-detention before a neutral adjudicator before being taken into custody." (*Id.*, ¶ 69). For the reasons discussed more fully below, the petition will be granted, and Respondent Warden of the Pike County Correctional Facility will be ordered to immediately release Petitioner from custody.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Petitioner is a citizen of the Honduras who "entered the United States in or around 2022 as a 17-year old unaccompanied minor and was detained for approximately one month." (Doc. 1, ¶¶ 1-2). "Petitioner was subsequently released from detention to live with a sponsor in 2022, meaning Office of Refugee Resettlement ("ORR") officials determined then that he was likely to appear for future immigration proceedings and that he was not likely to pose a danger."[1] (*Id.*, ¶ 3) (citations omitted). Following his release from ORR custody in 2022, Petitioner settled in Scranton, where he has lived "for approximately 4 years." (*Id.*, ¶ 1). Petitioner "established strong community ties in Scranton, PA, living with his sister and his sister's family," (*id.*, ¶ 23), and a review of DHS's documentation show he has no criminal history. (Doc. 4-2 at 3).

On or about October 26, 2026, "DHS re-detained Petitioner, who is now an adult, while he was the passenger in a vehicle on the way to a worksite." (*Id.*, ¶ 4). Petitioner was thereafter transferred to the Pike County Correctional Facility, where he remains detained to date. (*Id.*).

## II. STANDARD OF REVIEW

Absent suspension, the Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Pursuant to 28 U.S.C. § 2241, a

---

1 Because Petitioner was a minor at the time of his entry, "he was placed into ORR custody." (Doc. 1, ¶ 21).

federal district court may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Claims brought by immigration detainees seeking relief from their confinement "fall within the core of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

## III. ANALYSIS

Petitioner principally alleges that his re-detention without any individualized custody determination by ICE in the first instance violates his procedural due process rights guaranteed by the Fifth Amendment's Due Process Clause and seeks his immediate release from custody. (Doc. 1, ¶¶ 9, 65-72). Respondents do not seriously dispute the allegations in the petition but argue in opposition that Petitioner failed to exhaust his administrative remedies and that his due process claims lack merit. (Doc. 4 at 6-17). Because the Court has considered the issues raised in the petition before and has rejected the Respondents' arguments raised in opposition, it will only briefly address the merits.

First, this Court has already held that similarly situated petitioners raising constitutional claims need not exhaust their administrative remedies prior to filing a § 2241 habeas petition with this Court. *See Ramirez-Ruiz v. Lowe*, 2026 WL 3373189, at *3 (M.D. Pa. Nov. 6, 2026) ("Accordingly, the Court rejects Respondents' arguments that Petitioner must first seek a custody redetermination before an IJ before filing his § 2241 habeas petition with this Court."). Applying the same rationale here, the Court finds that any exhaustion requirement is excused because doing so would be futile for two reasons. First, Petitioner raises constitutional claims that the Immigration Judge ("IJ") and the Board of Immigration Appeals lack the power to hear and adjudicate. *Id.* And second, because the "actions of the agency clearly and unambiguously violate statutory or constitutional rights" exhaustion would be futile under the circumstances. *Id.* (citation modified). Accordingly, Petitioner need not first exhaust his administrative remedies by seeking a custody redetermination before an IJ prior to filing his habeas petition with this Court.

Second, this Court has also held § 1226(a), its implementing regulations, and the Fifth Amendment's Due Process Clause requires ICE to "make a meaningful individualized custody determination in the first instance." *Id.* at *5 (citation modified). Indeed, federal district courts within the Third Circuit "have concluded that the Government is required to make an 'individualized custody determination' when it arrests a noncitizen, taking into consideration whether the noncitizen poses a danger to the community and whether the

noncitizen is a flight risk." *Saint Cloud v. Jamison*, 2026 WL 3123166, at *4 (E.D. Pa. Oct. 19, 2026) (collecting cases).

Applying the balancing test of *Mathews v. Eldridge*, 424 U.S. 319, 325 (1976), this Court further concluded "they weigh decisively in Petitioner's favor." *Ramirez-Ruiz*, 2026 WL 3373189, at *9. "Considering the significant deprivation of physical liberty, 'the risk of erroneous detention absent individualized consideration, and the limited additional burden of requiring ICE to exercise the discretion already conferred upon it,' these factors taken together establish that 'Petiitioner's detention, absent a meaningfully individualized custody determination, violated his procedural due process rights.'" *Id.* (quoting *A.J.P.S. v. Benzel*, 2026 WL 3131270, at *6 (D.N.J. Oct. 19, 2026)). Accordingly, the Court will grant the petition "because ICE's failure to make any individualized custody determination before depriving Petitioner of his physical liberty does not comply with the procedural protections that § 1226(a), its implementing regulations, and the Fifth Amendment's Due Process Clause require." *Id.*

Finally, the Court finds that release is the appropriate remedy under the circumstances presented in the petition. "When presented with similar facts and circumstances, Courts within the Third Circuit have concluded that the appropriate habeas remedy is release, rather than ordering ICE to again attempt to make a pre-deprivation individualized custody determination or directing respondents to provide the petitioner with a custody redetermination before an IJ." *Ramirez-Ruiz*, 2026 WL 3373189, at *9 (collecting

cases). Accordingly, the Court will grant the petition and order Petitioner's immediate release from custody.[2]

Petitioner's request for fees and costs under the Equal Access to Justice Act will be held in abeyance pending the receipt of a fee petition. *Michelin v. Warden Moshannon Valey Corr. Cent.*, 169 F.4th 418 (3d Cir. 2026) (allowing fees under EAJA in immigration habeas proceedings under 28 U.S.C. § 2241).

## IV. CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be granted. Respondents will be directed to immediately release Petitioner Exson Emmanuel Medina-Garcia from the custody of the Warden of the Pike County Correctional Facility and file an affidavit or declaration pursuant to 28 U.S.C. § 1746 confirming that Petitioner has been released from custody.

The Court will further temporarily enjoin Respondents from re-arresting and re-detaining Petitioner for a period of 7 days to ensure the habeas remedy is effective. If Respondents elect to later re-arrest and re-detain Exson Emmanuel Medina-Garcia under § 1226(a), the Respondents must first comply with their own regulations and provide Exson Emmanuel Medina-Garcia with a meaningful individualized initial custody determination and, if he is denied bond, Respondents shall provide Petitioner with notice and an

---

2 Petitioner further alleges that his re-detention deprived him of his constitutional rights protected by the substantive component of the Due Process Clause. (Doc. 1, ¶¶ 56- 64). Because the Court is granting habeas relief on procedural due process grounds, it declines to address Petitioner's substantive due process claim.

opportunity to be heard at a timely individualized custody redetermination where an IJ will assess whether he is a danger or flight risk. A separate Order follows.

Robert D. Mariani
United States District Judge